Lipscomb, J.
The counsel for the appellant object to the record as proof in tlie proceedings against tlie appellant, as he was noilher a party nor privy to that action. And it is certainly true that the judgment in that case could not be evidence against him. But it would not follow that nothing contained in tlie record would be evidence. If lie had answered interrogatories in the suit which was made a part of the record, liis answers could be made evidence against him. He would not bo permitted to contradict what iie had sworn to. Again, tlie record could be referred to for the purpose of proving the fact that lié was tlie attorney who had brought the suit. It does not appear, however, that the appellant swore to or answered on oath the facts disclosed by him anti stated lu the record. It was nothing more than a voluntary declaration. Had the court, for the purpose of ascertaining whether ho had authority to bring the suit, propounded interrogatories and required him to answer them on oath, lie would not have been permitted to gainsay their truth. Iam therefore of tlie opinion that the statement on the record in the suit for a divorce of what liad been acknowledged by tlie respondent should be excluded from the consideration of tiie fact"whether he was guilty or not of the malpractice of which he was charged.
We must take his answer to the rule to show canso as the only evidence against him. This shows pretty clearly that he brought the suit without any authority whatever from, the party whom he made to figure in the character of plaintiff'. He does not allege that the stranger who requested him to bring the suit pretended to have auy'authority whatever from Martha Ann Walker *30 to make that request. lie says that he was acquainted with many of the friends of Mrs. Walker, but he does not say that he consulted with any of them, nor that he was requested by any one of them to bring- the suit. It is strange that he should have neglected these better sources' of information, although not such as he. should have required, and listened to the request of a stranger that he should bring the suit. If it had been his intent to make this much-abused wife fraudulently and surreptitiously a plaintiff, without her knowledge and consent, it was prudent to pretend to have acted on the request of a stranger. It would not have been wise to have given the name of a friend to the party', nor in fact to have named any person. It was more consistent with tiie fraud to deal in general terms, because it would he difficult to prove that he has sworn falsely when ho does not disclose the name of the person who had induced him to bring the. suit. Ilis knowledge of the fact that she had been deeply injured and had good grounds for a divorce furnished no apology for his omission to consult her wishes as to bringing the suit. And his acquaintance with many of her friends afforded him additional facilities in obtaining such information. The story he tells in Ills answer of having been requested by a gentleman lie did not know to bring the suit is altogether too improbable to lie entitled to the least possible credence. lie says he supposed him to he the mutual friend of the parties. But it seems that ho did not even inquire tlie name of this gentleman, who was catering to the accomplishment of the wishes of the prod ¡gate husband. Had lie been requested to bring the suit by a person standing in near relationship to the wife, such as parent or brother, there would have been some excuse for his not making further inquiries; lie might then have presumed that the request was authorized by the person they assumed to represent,. The answer to the rule, so far from exculpating him, leaves on the mind a strong conviction that in bringing the suit lie was acting in fraudulent collusion with the husband to procure the divorce without [®®i] ¡he knowledge and consent of the wife, who was the injured party, amounting to malpractice, and such dereliction of duty as an attorney and counselor of tile courts of the Slate as fully justified the court in revoking his license.
It is hoped that Clio example will not be without a salutary influence, not onlj- in relation to Ihe offender himself, but likewise on others. And should it have the effect to bring him to a just appreciation of what is due to the country, to hirn«elf asan honest man, and to a learned and honorable profession of ■ which lie was a member, there can be no doubt hut the Legislature, on such favorable result being made manifest, will enable the court'to extend to him a new license.
We perceive no error in the judgment of the court below. It is therefore affirmed.
Judgment affirmed.